UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

LEON BERNARD SPIKES, JR.                                          PETITIONER
Reg #87648-020

V.                          No. 2:23-CV-102-DPM-JTR

C. GARRETT, Warden,
FCI-Forrest City                                                  RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Now before the Court is a pro se § 2241 Petition for Writ of Habeas Corpus filed by Leon Bernard Spikes, Jr., ("Spikes"). Spikes argues the Bureau of Prisons ("BOP") has failed to apply the appropriate jail credit to his sentence.

## II.   Background

On December 4, 2007, Petitioner Leon Bernard Spikes, Jr., ("Spikes") was arrested by Georgia state authorities for armed robbery. *Doc. 10-4 at 1 & 5.* On December 11, his parole was revoked in connection with a 1992 Georgia state court conviction, and he began serving the related state sentence. *Doc. 10-4 at 1, 7 & 8.* Spikes was then charged by federal indictment with armed bank robbery and possession of a firearm during a crime of violence. *USA v. Jackson et al*, No. 7:08-CR-00007-HL-CHW-2, *No. 14* (M.D. Ga. Feb. 13, 2008).

On April 25, 2008, Spikes was placed in federal custody pursuant to a writ of habeas corpus ad prosequendum. *Doc. 10-4 at 2, 14 & 15; USA v. Jackson et al*, No. 7:08-CR-00007-HL-CHW-2, *No. 30* (M.D. Ga. April 13, 2008).   After pleading guilty to the federal charges, Spikes was sentenced to an aggregate term of 294 months' imprisonment in the BOP, effective October 22, 2009.   The judgement stated the sentence was "to be served concurrently to the State of Georgia prison sentence the defendant is currently serving." *USA v. Jackson et al*, No. 7:08-CR-7-HL-CHW-2, *No. 80* (M.D. Ga. Oct. 26, 2009).[1]

On November 9, 2009, Spikes was returned to state custody to serve the remainder of his state sentence. *Doc. 10-4 at 2 & 15.* He completed serving his state sentence on September 12, 2011. *Doc. 10-4 at 2, 25 & 26.* On December 8,

---

[1] The Eleventh Circuit affirmed Spikes's conviction and sentence. *United States v. Spike*, 383 F. App'x 885 (11th Cir. 2010).

2011, Spikes was transferred to federal custody. *Doc. 10-4 at 2 & 15*. In 2017, the federal sentencing court reduced Spikes's sentence to 270 months. *USA v. Jackson et al*, No. 7:08-CR-00007-HL-CHW-2, *No. 136* (M.D. Ga. April 27, 2017).

On March 17, 2023, Spikes filed his habeas petition in the Middle District of Georgia. Because Spikes is incarcerated at the Federal Correctional Institution–Medium in Forrest City, Arkansas ("FCI-FC"), the case was transferred here. The BOP's online Inmate Locator confirms that Spikes is currently incarcerated at the FCI-FC. Federal Bureau of Prisons, *Find an inmate.: BOP Register Number 87648-020*, https://www.bop.gov/inmateloc/ (accessed Oct. 25, 2023). According to the BOP website, Spike's projected release date is April 4, 2029. *Id*.

### III. Discussion

Spikes argues the BOP is improperly denying him jail credit from the date of his arrest on December 4, 2007, to the date of his federal sentencing on October 22, 2009. He relies on the sentencing court's instruction that his federal sentence is to run concurrently with his state sentence. C. Garrett, Warden of the FCI-FC, responds that, even though Spikes has submitted multiple administrative remedy requests regarding jail credit, he has not properly exhausted administrative remedies by submitting an appeal to the Office of the General Counsel. Garrett alternatively challenges Spikes's jail-credit argument. He contends the BOP has properly determined Spikes's sentence to commence on the date of sentencing. He

3

says Spikes is only entitled to the seven days of jail credit calculated by the BOP because the remaining days that he seeks were applied to his state sentence and cannot be applied to both the federal and state sentences. For the reasons that follow, the Court recommends that Spikes's petition be dismissed with prejudice.

Federal regulations provide for administrative review of the computation of prisoners' jail-time credits, and prisoners may "seek judicial review of these computations after exhausting their administrative remedies." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10–542.16). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."[2] *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (emphasis in original) (quotations omitted). The Circuit, however, has observed that jurisdiction to decide a petitioner's challenge to his sentence is not affected by his failure to exhaust because the exhaustion requirement was "judicially created, not jurisdictional." *Lueth v. Beach,* 498 F.3d 795, 797 n.3 (8th Cir. 2007).

Assuming Spikes has not properly exhausted his administrative remedies, the record is nonetheless sufficient for judicial review of the claim.

---

[2] The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Pursuant to the regulations, administrative review has four tiers: (1) informal presentation of the issue to prison staff; (2) written Request For Administrative Remedy (BP-9 form) submitted to the Warden; (3) Regional Administrative Remedy Appeal (BP-10 form) submitted to the appropriate BOP Regional Director; and (4) Appeal submitted to the General Counsel (BP-11 form). 28 C.F.R. §§ 542.13–542.15.

4

Spikes incorrectly believes that, because his federal sentence was ordered to run concurrent to his state sentence, the sentencing court intended for his federal sentence to begin running retroactively at the commencement of his state sentence. While understandable, this interpretation is not supported by the related law. "[A] federal sentence cannot commence prior to the date it is pronounced." *Coloma v. Holder,* 445 F.3d 1282, 1285 (11th Cir. 2006) (quotations omitted). Pursuant to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Ordinarily, Spikes's sentence therefore would have commenced when he was received in federal custody on December 8, 2011. But, because the sentencing court ordered the federal sentence to be served concurrent to the state sentence, the BOP has correctly determined that Spikes's federal sentence was effective on the date of sentencing, October 22, 2009. *Nos. 10-3 at 8, 10-4 at 2.*

When a prison sentence is imposed, the BOP determines how much jail credit a prisoner should receive for time spent in custody before service of the federal sentence. *United States v. Wilson*, 503 U.S. 329, 333–35 (1992). Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

5

> (b) A defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). Because Georgia state authorities first obtained custody of Spikes by arresting him, the state had primary jurisdiction over him. *United States v. Cole,* 416 F.3d 894, 896–97 (8th Cir. 2005). State authorities therefore credited Spikes's state custody to his state sentence beginning on December 11, 2007, the date that his parole was revoked. He remained in state custody until he finished serving the state sentence and was released to federal custody. While Spikes seeks to have his time in state custody before his federal sentencing credited against his federal sentence, he cannot receive jail credit under 18 U.S.C. § 3585(b) because his days in state custody were credited to his state sentence. When Spikes was held by federal authorities from April 25, 2008, until November 9, 2009, he was simply "on loan" from Georgia state authorities and remained in the primary custody of the state authorities. *United States v. Cole,* 416 F.3d 894, 896–97 (8th Cir.2005). The BOP therefore correctly credited Spikes with only the seven days of jail credit from December 4, 2007 to December 11, 2007, *Nos. 10-3 at 8, 10-4 at 2,* which were not credited to his state sentence.

6

For the reasons stated herein, Spikes's sentence commenced on October 22, 2009. The BOP has properly applied jail credit from December 4 to December 11, 2007, because the seven days were not credited to his state sentence. Spikes's petition seeking additional jail credit should be dismissed with prejudice.

### IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT: (1) Spikes's Petition for Writ of Habeas Corpus, *Doc. 1,* be DENIED; and (2) this case be DISMISSED with prejudice.

DATED this 7th day of November, 2023.

_____
UNITED STATES MAGISTRATE JUDGE